# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

**JOSHUA J. MINIX,**

    **Plaintiff,**

v.                                               Civil Action No.: 1:19-CV-108
                                                    (JUDGE KEELEY)

**CENTRAL SOURCE, LLC;**
**EXPERIAN INFORMATION**
**SOLUTIONS, INCORPORATED;**
**EQUIFAX INFORMATION**
**SERVICES, LLC; TRANSUNION, LLC;**
**BILTMORE ASSET MANAGEMENT;**
**CAPITAL ONE; PROGRESSIVE**
**CASUALTY INSURANCE COMPANY;**
**CHILD SUPPORT COLLECTION UNIT;**
**U.S. DEPARTMENT OF EDUCATION,**

    **Defendants.**

## REPORT AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO REMAND BE DENIED

This matter is before the undersigned pursuant to an Order of Referral (ECF No. 16) signed by Senior United States District Judge Irene M. Keeley on May 23, 2019. On June 7, 2019, Plaintiff filed a *Motion to Remand* (ECF No. 32). For the foregoing reasons, the undersigned **RECOMMENDS** that the Motion to Remand be **DENIED**.

## I.    BACKGROUND

According to Plaintiff's Complaint ("Pl. Compl."), *pro se* Plaintiff Joshua J. Minix is an incarcerated individual in the state of West Virginia and has been such since 2013 (ECF No. 1 at 9). In March 2018, a request for Plaintiff's consumer credit report was submitted to Defendants Experian Information Solutions, Inc. ("Experian"); Equifax Information Services, LLC. ("Equifax"); and Transunion, LLC ("Transunion") through services of Defendant Central Source, LLC ("Central Source"). (Pl. Compl. ¶ 17). Upon receipt of the report from Experian in

1

April 2018, Plaintiff claims that he noticed erroneous entries. (Pl. Compl. ¶ 18). In order to correct these errors, Plaintiff's complaint alleges that he submitted requests to Defendants Biltmore Asset Management ("Biltmore"), Progressive Casualty Insurance Company ("Progressive"), and Capital One to discover why inquiries were made on his credit. (Pl. Compl. ¶¶ 22, 24, 25).

On or about September 14, 2018, Plaintiff submitted a dispute regarding alleged Department of Education debts demanding that the erroneous debts be removed. (Pl. Compl. ¶ 30). On or about September 16, 2018, Plaintiff filed a written credit dispute with Experian, Transunion, Equifax, Capital One, Progressive, and Biltmore requesting all erroneous inquiries be removed. (Pl. Compl. ¶ 32). Additionally, in December 2018, Plaintiff submitted two written disputes to Experian regarding outdated names and addresses present in his credit report. (Pl. Compl. ¶¶ 39-40). Plaintiff's Complaint alleges that he is also currently in dispute with Defendant Child Support Collection Unit as they continue to report an alleged debt but have failed to correspond with Plaintiff. (Pl. Compl. ¶¶ 50-52). Plaintiff's complaint alleges that actions of the named Defendants have caused him to suffer "actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with his normal an[d] usual activities, emotional distress, anger, frustration, anxiety, humiliation, fear, worry, and related health problems." (*E.g.,* Pl. Compl. ¶ 71).

## II.   PROCEDURAL HISTORY

On or about April 9, 2019, Plaintiff filed suit against Defendants Central Source, Experian, Equifax, Transunion, Biltmore, Capital One, Progressive, Child Support Collection Unit, and U.S. Department of Education in the Circuit Court of Preston County, West Virginia. (ECF No. 8 at 2). Plaintiff seeks a permanent injunction and monetary compensation for alleged violations under the West Virginia Consumer Credit and Protection Act (W. Va. Code §§ 46A-1-

101 *et seq.*), West Virginia Uniform Declaratory Judgments Act (W. Va. Code §§ 55-13-1 *et seq.*), West Virginia Common Law, Fair Credit Reporting Act (15 U.S.C. §§ 1681 *et seq.*), Fair Debt Collection Practices (15 U.S.C. §§ 1692 *et seq.*), Civil Rights Act (42 U.S.C. §§ 1981 *et seq.*), and Title 42 U.S.C. §§ 666 *et seq.* (Pl. Compl. at 1). Plaintiff alleges that these violations include reporting false, inaccurate, and outdated information to credit-reporting agencies; failing to disclose consumer's complete credit file; failing to place a security freeze on Plaintiff's credit report as requested; accessing Plaintiff's consumer report without a permissive purpose; and failing to remove inaccurate or erroneous inquiries from Plaintiff's credit report. (Pl. Compl. at 4-12). While proceedings were before the Circuit Court of Preston County, Defendants Equifax and Biltmore filed answers denying Plaintiff's allegations. (ECF No. 8 at 2).

On May 15, 2019, Defendant Progressive, with consent of all other Defendants (ECF No. 1 at 126-133), filed a Notice of Removal (ECF No. 1) stating that the federal courts have original jurisdiction over the case and supplemental jurisdiction over any state law allegations under federal question jurisdiction because the action was brought pursuant to 15 U.S.C. §§ 1681 *et seq.*; 15 U.S.C. §§ 1692 *et seq.*; 42 U.S.C. §§ 1981 *et seq.*; and Title 42 U.S.C. §§ 666 *et seq.* as alleged in the Plaintiff's Complaint. After the case was removed to the Northern District of West Virginia, Defendants Progressive (ECF No. 5), Experian (ECF No. 9), TransUnion (ECF No. 10), and Child Support Collection Unit (ECF No. 15) filed answers to Plaintiff's Complaint.

On June 7, 2019, Plaintiff filed a Motion to Remand (ECF No. 32) disputing Defendant's removal to the United States District Court for the Northern District of West Virginia. Opposition to this motion was filed by Defendants Central Source, Experian, Equifax,

TransUnion, Capital One, Progressive, and Child Support Collection Unit on June 20, 2019.[1] (ECF No. 41).

### III. CONTENTIONS OF THE PARTIES

a. **Plaintiff's Motion to Remand**

In Plaintiff's Motion ("Pl's Mot.") to Remand (ECF No. 32) filed June 7, 2019, Plaintiff presents three main arguments in support of his assertion that the case should be remanded back to the Circuit Court of Preston County. First, Plaintiff alleges that this Court does not have proper subject matter jurisdiction because, (1) Plaintiff's claim is substantially predominated by issues of State Law with any federal law claims being "merely incidental to the core of the action," (2) Defendants Biltmore, Transunion and Child Support Collection Unit failed to satisfy the statutory requirement for removal by not including the signer's address, email, and phone number as required by Rule 11 of the Federal Rules of Civil Procedure and therefore removal was deficient, and (3) all Defendants except Progressive failed to attach a copy of process as required by 28 U.S.C. § 1446(a). (Pl. Mot. at 3-4).

Second, Plaintiff alleges that this case should be remanded because this Court does not have personal jurisdiction over Defendants U.S. Department of Education, Progressive, Capital One, Transunion and Central Source as they "have not served an answer to this Plaintiff's complaint and summons and therefore they are not an official party to this action.[2]" (Pl. Mot. ¶ 15). Finally, Plaintiff cites the concept of "permissive abstention" in alleging that Defendants' answers suggest that they are proceeding into unclear questions of West Virginia Law in a manner which has denied the Plaintiff from developing specific arguments and that the removal

---

[1] The U.S. Department of Education did not join in the response filed by other defendants. Defendant Biltmore Asset Management was dismissed from the case on June 19, 2019 by an Agreed Order of Dismissal (ECF No. 39).
[2] Answers by Defendants Progressive (ECF No. 5) and TransUnion (ECF No. 10) and Motions to Dismiss by Defendants Capital One (ECF No. 11) and Central Source (ECF No. 6) were filed with this Court on May 22, 2019.

made by Progressive is one of forum shopping for a heightened pleading standard as there are "no difficult, novel, or unsettled questions of federal law" at issue. (Pl. Mot. ¶¶ 16-17).

### b. Response in Opposition to Plaintiff's Motion to Remand

On June 20, 2019, Defendants Central Source, Experian, Equifax, TransUnion, Capital One, Progressive, and Child Support Collection Unit filed *Defendants' Joint Response in Opposition to Plaintiff's Motion to Remand*. ("Defs' Resp.") (ECF No. 41). Defendants argue that Plaintiff's Motion to Remand should be denied because Plaintiff admits his Complaint states a federal claim under the Fair Credit Reporting Act and as a result of his admission the Court has jurisdiction over this case. (Defs.' Resp. at 3-4). Second, Defendants state that contrary to allegations, Progressive has complied with all the requirements of U.S.C. §§ 1441 and 1446 and removal of the case to federal court was proper. (Defs.' Resp. at 5-6). Additionally, Defendants assert that Plaintiff is mistaken in his belief that a party is required to file an Answer to the Complaint prior to removal to federal court. (Defs.' Resp. at 7). Finally, Defendant's argue that the concept of "permissive abstention" is only related to bankruptcy matters and is therefore irrelevant in this case and has no bearing on the Court's jurisdiction. (Defs.' Resp. at 7-8).

### IV.  ANALYSIS

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); City of Chicago v. Int'l College of Surgeons, 522 U.S. 156 (1997). Additionally, where "the district courts have original jurisdiction, the district courts shall [also] have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §

1367. However, due to federalism concerns, courts "strictly construe removal jurisdiction." Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). In cases where "federal jurisdiction is doubtful, a remand is necessary." Id.

    a. **Federal Question Jurisdiction Exists Over Plaintiff's Claims.**

When determining whether removal is proper, the court must first determine whether it has original jurisdiction over the plaintiff's claims. Under Title 28 of the United States Code, Section 1331, District Courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "A cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). "The general rule . . . is that a plaintiff is the 'master of the claim,' and he may 'avoid federal jurisdiction by exclusive reliance on state law' in drafting his complaint." Daly v. Zobel, 311 Fed. App'x 565, 567 (4th Cir. 2008) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). To determine whether "an action presents a federal question under [28 U.S.C.] § 1331, a court must first discern whether federal or state law creates the cause of action." Mulcahey v. Columbia Organic Chemicals Co., Inc. 29 F.3d 148, 151 (4th Cir. 1994).

In this case, Plaintiff argues his complaint "was substantially predominated by the West Virginia Consumer Credit and Protection Act" and that his "FCRA claims are merely incidental to the core of the action arising under the West Virginia Consumer Credit and Protection Act and West Virginia tort law" and therefore federal question jurisdiction is improper as the state court has "the power and jurisdiction to handle matters where federal questions arise that are similar to state counterparts." Plaintiff's argument however, is not supported by law because the predominance of state claims is not determinative of federal question jurisdiction. District courts

have original jurisdiction to hear cases where "a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. at 392. Here, Plaintiff stated claims under federal law on the face of his complaint by alleging that Defendants Experian, Equifax, and TransUnion violated Sections 1681e(a), 1681b, 1681e(b), 1681g, 1681i, and 1681c-2 of the Fair Credit Reporting Act; Defendants Equifax, TransUnion, and Central Source violated Sections 1681g and 1681j of the Fair Credit Reporting Act; Defendants Capital One, Progressive, and Biltmore violated Sections 1681b(3)(c), 1681b(f), 1681b(c), 1681b(a), and 1681b(a)(3)(a) of the Fair Credit Reporting Act; and Defendants Child Support Collection Unit and U.S. Department of Education violated 42 U.S.C. § 666, as well as Sections 1681i(a), 1681s-2(B), 1666, and 1692e of the Fair Credit Reporting Act. (ECF No. 1 at 20-25). Plaintiff's jurisdictional argument would hold more weight if he had chosen to rely solely on the West Virginia Consumer Credit and Protection Act, however, because Plaintiff pled federal claims on the face of his complaint, the undersigned **FINDS** that federal question jurisdiction exists, and the case is removable.

Regarding state law claims made by Plaintiff, the claims may be appropriately brought in federal court so long as the state claims are so related to the federal law claims that they create the "same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. The Plaintiff's state law claims—violation of the West Virginia Consumer Credit and Protection Act, West Virginia Declaratory Judgments Act and West Virginia Common Law—stem from the same alleged conduct by the same Defendants as described in Plaintiffs federal claims. The undersigned **FINDS** that there is supplemental jurisdiction over the state law claims in Plaintiff's complaint.

    b. **The Defendants Have Adequately Complied with Removal Procedures.**

1. **Adequacy of Biltmore's, TransUnion's, and Child Support Collection Unit's Consent**

The court must next determine whether Progressive followed the proper removal procedure as set forth in 28 U.S.C. § 1446. The rule states in pertinent part as follows:

> (b) Requirements; generally— (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.
> (2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

28 U.S.C. § 1446(b). After the 2011 amendments, the statute established a unanimity requirement for cases involving multiple defendants, requiring all defendants to join in or consent to removal. The "'statute does not address the form consent must take. Neither does it expressly address when consent must be filed if separate from the notice of removal.'" Simon v. Regal Investment Advisors LLC, Civil Action No. 3:16CV00090, 2017 U.S. Dist. LEXIS 64788 (W.D. Va. Apr. 28, 2017) (quoting Gates at Williams-Brice Condo. Ass'n v. Quality Built, LLC, No. 3:16-cv-02022-CMC, 2016 U.S. Dist. LEXIS 120380, at *11 (D.S.C. Sept. 7, 2016); see also Griffioen v. Cedar Rapids & Iowa City Ry. Co., 785 F.3d 1182, 1187 (8th Cir. 2015) ("The 2011 amendments to § 1446 that codified the rule of unanimity did not describe the form of or time frame for consent when multiple defendants are involved.").

Here, Plaintiff asserts Progressive improperly removed this case to federal court, arguing that Defendants Biltmore, TransUnion and Child Support Collection Unit failed to comply with Federal Rule of Civil Procedure 11(a) when signing their respective Joinder and Consent to Removal notices because the notices did not include the signer's address, email address, and

telephone number.³ (Pl. Mot. ¶ 13). As a result, Plaintiff argues that removal was deficient, and the case should be remanded to state court.

Plaintiff's argument lacks merit. The Fourth Circuit has held that the rule of unanimity does not require that "each of the defendants sign the notice of removal or file a separate notice of removal complying with § 1446(b)." Mayo v. Bd. Of Educ. Of Prince George's County, 713 F.3d 735, 742 (4th Cir. 2013). Rather, "a notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants' consent to the removal satisfies the requirement of unanimous consent for purposes of removal." Id.

In Mayo, the Fourth Circuit concluded that because the removing defendants expressly stated in the notice of removal that they had consulted with the non-removing defendant and the non-removing defendant consented to removal, "removal was effective," and "the district court did not err in declining to remand the case to state court." 713 F.3d at 742.

Progressive's notice of removal in this case goes far beyond what was deemed sufficient in Mayo. Here, Progressive filed a notice signed by one attorney that expressly states that all the Defendants consented to removal. (ECF No. 1 at 3-4). Additionally, Progressive submitted attached notices of consent by all of the other Defendants which were signed by each Defendant's counsel. Id. at 126-134. Therefore, the undersigned **FINDS** that Progressive's notice of removal satisfies the unanimous consent requirement for purposes of removal and is effective.

**2. Documents Filed with Removal**

Plaintiff asserts that Progressive was the only defendant to attach "a copy of process" as required by 28 U.S.C. § 1446(a) and therefore removal was defective and grounds for remand. (Pl. Mot. ¶ 14).

---

³ Plaintiff's motion to remand was filed on June 7, 2019. In response, Defendants Child Support Collection Unit and Transunion filed notices of amended joinder and consent on June 11, 2019 and June 20, 2019 respectively. (ECF No. 36 and 40).

The federal rules require defendants who are interested in removing a case to federal court to accompany their notices of removal with "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Failure to attach these state court papers is "merely procedural" and "may be cured." <u>Tucker v. Thomas</u>, Civil Action No. 5:10CV31, 2011 U.S. Dist. LEXIS 30988 (N.D.W. Va. Mar. 24, 2011) (quoting <u>Riggs v. Fling Irrigation, Inc.,</u> 535 F. Supp. 2d 572, 579 (W.D.N.C. 2008); <u>see also</u> 14C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 3733, at 350-51 (3d ed. 1998) ("The predominant view is that the removing party's failure to file the required state court papers is 'curable in the federal courts if there is a motion to remand.'").

In this case, Progressive did not file the summonses for the other Defendants when it filed its notice of removal. However, the Summonses for all Defendants were provided with the certified copy of the state court records and have been entered onto the docket in this case. (ECF No. 8-1 at 45-53). Accordingly, the undersigned **FINDS** that Progressive's failure to submit the summonses issued to the other defendants in this case has been cured without prejudicing Plaintiff and therefore it recommends that the District Court decline to remand the case for such failure.

   c. **Defendants Central Source, TransUnion, Capital One, Progressive, and the U.S. Department of Education Were Not Required to File an Answer to Plaintiff's Complaint Prior to Removal.**

Plaintiff argues that the Notice of Removal was improper because the court lacks personal jurisdiction over Defendants Central Source, TransUnion, Capital One, Progressive, and the U.S. Department of Education as these defendants had not served Answers to Plaintiff's Complaint prior to the Notice of Removal's filing. (Pl. Mot. ¶ 15). As a Defendant is not required under 28 U.S.C. § 1446 to file an answer prior to removal and under Federal Rule of

10

Civil Procedure 81(c)(2) is expressly permitted to file an answer after removal, the undersigned **FINDS** that it was appropriate for Progressive to file notice of removal and for the U.S. Department of Education, Capital One, TransUnion, and Central Source to provide their Joinder and Consent for Removal.

    d. **Permissive abstention does not apply.**

Finally, Plaintiff asserts that the doctrine of permissive abstention applies, and as a result the case should be remanded to state court. (Pl. Mot. ¶ 16-17). Defendants argue the permissive abstention doctrine is not applicable to this case, explaining that it applies only to bankruptcy cases.

Codified in 28 U.S.C. § 1334, under the heading "Bankruptcy cases and proceedings," the doctrine of permissive abstention permits a district court to abstain from hearing a state law claim, if the case could not have been initially brought in the district court but for a pending bankruptcy.

While the doctrine of permissive bankruptcy abstention is not applicable to this case, the undersigned acknowledges that there are non-bankruptcy abstention doctrines by which the district court can choose to abstain from adjudicating a case. However, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976). The Supreme Court has found that the doctrine of abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Id. (quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-189). The Supreme Court has identified limited circumstances that are appropriate for abstention, which include three general categories. Id. at 814.

11

First, abstention is appropriate when there is a "federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law.[4]" Id. Second, a district court may abstain from hearing a case when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar.[5]" Id. Finally, abstention is appropriate when federal jurisdiction has been invoked to restrain state criminal proceedings, state nuisance proceedings prior to criminal proceedings, or state tax collections. Id. at 816.

The present case does not fall within any of the above abstention categories. Consequently, the undersigned **FINDS** the case should not be remanded on abstention grounds.

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand (ECF No. 32) be **DENIED**.

Any party shall, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**  A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20)

---

[4] See also Railroad Comm'n v. Pullman Co., 312 U.S. 496, 500 (1941) (ordering district court to defer deciding federal constitutional question until unsettled state law issues were resolved by the state court.); Meredith v. Talbot County, Md., 828 F.2d 228, 231 (4th Cir. 1987) (explaining that Pullman abstention is appropriate where there are unsettled questions of state law that may dispose of the case and avoid the need for deciding the constitutional question).

[5] See also Buford v. Sun Oil Co., 319 U.S. 315, 332-34 (1943) (concluding that the district court should refrain from interfering in state efforts to resolve "basic problems of Texas policy"); See also Browning-Ferris Inc. v. Baltimore County, Md., 774 F.2d 77, 79 (4th Cir. 1985) (internal quotation omitted) (stating Buford abstention seeks "to prevent a federal court from interfering with a 'complex state regulatory scheme concerning important matters of state policy for which impartial and fair administrative determinations subject to expeditious and adequate judicial review are afforded.'").

handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted on August 14, 2019.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE