IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**JOSHUA J. MINIX,**

    **Plaintiff,**

v.                                       Civil Action No.: 1:19-CV-108
                                           (JUDGE KEELEY)

**CENTRAL SOURCE, LLC;
EXPERIAN INFORMATION
SOLUTIONS, INCORPORATED;
EQUIFAX INFORMATION
SERVICES, LLC; TRANSUNION, LLC;
BILTMORE ASSET MANAGEMENT;
CAPITAL ONE; PROGRESSIVE
CASUALTY INSURANCE COMPANY;
CHILD SUPPORT COLLECTION UNIT;
U.S. DEPARTMENT OF EDUCATION,**

    **Defendants.**

## REPORT AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTIONS TO DISMISS BE GRANTED

      This matter is before the undersigned pursuant to a referral order (ECF No. 16) entered by Honorable Senior United States District Judge Irene M. Keeley on May 23, 2019. For the reasons set forth herein, the undersigned **RECOMMENDS** that Defendants' Central Source, LLC, and Capital One's Motions to Dismiss (ECF Nos. 6 and 11) be **GRANTED** and these Defendants be **DISMISSED** from this action.

        **I.**         **BACKGROUND AND PROCEDURAL HISTORY**

      This action was initiated by *pro se* Plaintiff, Joshua J. Minix, by filing a Complaint ("Pl's Complaint") in the Circuit Court of Preston County, West Virginia on or about April 9, 2019, against Defendants Central Source, LLC, Experian Information Solutions, Inc., Equifax Information Services, LLC, Trans Union, LLC, Biltmore Asset Management, Capital One, Progressive Casualty Insurance Company, Child Support Collection Unit, and the U.S.

1

Department of Education. (ECF No. 8 at 4-7). At the time Plaintiff filed his Complaint, Plaintiff was an inmate residing at FCI Hazelton, located in Bruceton Mills, W.V. (ECF No. 8 at 3)[1].

In his Complaint ("Pl's Complaint")[2], Plaintiff alleges that in March of 2018, a request for Plaintiff's consumer credit report was submitted to Defendants Experian Information Solutions, Inc. ("Experian"); Equifax Information Services, LLC. ("Equifax"); and Trans Union, LLC ("Trans Union") through services of Defendant Central Source, LLC ("Central Source"). (Pl. Compl. ¶ 17). Upon receipt of the report from Experian in April 2018, Plaintiff claims that he noticed erroneous entries. (Pl. Compl. ¶ 18). In order to correct these errors, Plaintiff's complaint alleges that he submitted requests to Defendants Biltmore Asset Management ("Biltmore"), Progressive Casualty Insurance Company ("Progressive"), and Capital One to discover why inquiries were made on his credit. (Pl. Compl. ¶¶ 22, 24, 25).

On or about September 14, 2018, Plaintiff submitted a dispute regarding alleged Department of Education debts demanding that the erroneous debts be removed. (Pl. Compl. ¶ 30). On or about September 16, 2018, Plaintiff filed a written credit dispute with Experian, Trans Union, Equifax, Capital One, Progressive, and Biltmore requesting all erroneous inquiries be removed. (Pl. Compl. ¶ 32). Additionally, in December 2018, Plaintiff submitted two written disputes to Experian regarding outdated names and addresses present in his credit report. (Pl. Compl. ¶¶ 39-40). Plaintiff's Complaint alleges that he is also currently in dispute with Defendant Child Support Collection Unit as they continue to report an alleged debt but have failed to correspond with Plaintiff. (Pl. Compl. ¶¶ 50-52). Plaintiff's complaint alleges that actions of the named Defendants have caused him to suffer "actual damages, including economic

---

[1] While the Motions to Dismiss in this matter have been pending, Plaintiff filed a Notice of Change of Address (ECF No. 47) on July 29, 2019, indicating he is no longer incarcerated and is now residing in Vermont.
[2] Plaintiff's Complaint is located in the Certified State Court Record from the Circuit Court of Preston County. (ECF No. 8, at 7-25)

loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with his normal an[d] usual activities, emotional distress, anger, frustration, anxiety, humiliation, fear, worry, and related health problems." (*E.g.,* Pl. Compl. ¶ 71).

Plaintiff seeks a permanent injunction and monetary compensation for alleged violations under the West Virginia Consumer Credit and Protection Act (W. Va. Code §§ 46A-1-101 *et seq.*), West Virginia Uniform Declaratory Judgments Act (W. Va. Code §§ 55-13-1 *et seq.*), West Virginia Common Law, Fair Credit Reporting Act (15 U.S.C. §§ 1681 *et seq.*), Fair Debt Collection Practices (15 U.S.C. §§ 1692 *et seq.*), Civil Rights Act (42 U.S.C. §§ 1981 *et seq.*), and Title 42 U.S.C. §§ 666 *et seq.* (Pl. Compl. at 1). Plaintiff alleges that these violations include reporting false, inaccurate, and outdated information to credit-reporting agencies; failing to disclose consumer's complete credit file; failing to place a security freeze on Plaintiff's credit report as requested; accessing Plaintiff's consumer report without a permissive purpose; and failing to remove inaccurate or erroneous inquiries from Plaintiff's credit report. (Pl. Compl. at 4-12). While proceedings were before the Circuit Court of Preston County, Defendants Equifax and Biltmore filed answers denying Plaintiff's allegations. (ECF No. 8 at 2).

On May 15, 2019, Defendant Progressive, with consent of other Defendants (ECF No. 1 at 126-133)[3], filed a Notice of Removal (ECF No. 1) After the case was removed to the Northern District of West Virginia, Defendants Progressive (ECF No. 5), Experian (ECF No. 9), Trans Union (ECF No. 10), and Child Support Collection Unit (ECF No. 15) filed answers to Plaintiff's Complaint.

---

[3] The U.S. Department of Education also joined and consented to the removal of this action. However, the Department noted that it had not been properly served as of the time of filing their consent to removal. (ECF No. 8-3 at 65). It appears from the docket that the U.S. Department of Education has not been served according to the Federal Rules of Civil Procedure. Accordingly, the undersigned will issue a Show Cause Order following this Report and Recommendation.

On June 7, 2019, Plaintiff filed a Motion to Remand (ECF No. 32) disputing Defendant's removal to the United States District Court for the Northern District of West Virginia. Opposition to this motion was filed by Defendants Central Source, Experian, Equifax, Trans Union, Capital One, Progressive, and Child Support Collection Unit on June 20, 2019 (ECF No. 41). The undersigned issued a Report and Recommendation on August 14, 2019 (ECF No. 50) recommending Plaintiff's Motion to Remand be Denied. Honorable Senior United States District Judge Irene M. Keely entered an Order Adopting the Report and Recommendation (ECF No. 52), denying Plaintiff's Motion to Remand, on September 9, 2019.

Further, following removal, Defendants Central Source, LLC (ECF No. 6) and Capital One (ECF No. 11) filed Motions to Dismiss on May 22, 2019, that are the subject of this Report and Recommendation.[4] The undersigned issued a Roseboro Notice to Plaintiff notifying him of his right to respond to the Defendants' Motions to Dismiss on May 31, 2019 (ECF No. 31). Plaintiff filed a Response to Defendants' Motions to Dismiss on June 20, 2019 (ECF No. 42). Defendants Central Source, LLC, (ECF No. 43) and Capital One (ECF No. 44) each filed a Reply to Plaintiff's Response on June 26, 2019 and June 27, 2019 respectively. Accordingly, this matter is ripe for a Report and Recommendation to the District Judge.

## II.     CONTENTIONS OF THE PARTIES

A. **Central Source, LLC's Motion to Dismiss**

In Defendant Central Source, LLC's Motion to Dismiss (ECF No. 6), Defendant moves for dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil

---

[4] While the Motions to Dismiss in this matter have been pending, Defendant Biltmore Asset Management filed a Proposed Agreed Order of Dismissal on June 19, 2019 (ECF No. 38). United States District Judge Irene M. Keeley entered the Agreed Order and dismissed the claims against Defendant Biltmore with prejudice on the same day. (ECF No. 39). Further, on September 17, 2019l, Defendant Progressive Casualty Insurance Company similarly filed a Proposed Agreed Order of Partial Dismissal (ECF No. 54) that is pending as of the date of this Report and Recommendation.

Procedure for failure to state a claim (ECF No. 6-1 at 3). Specifically, Defendant Central Source first argues that Plaintiff has "failed to allege the requisite elements of a Fair Credit Reporting Act claim against Central Source upon which relief can be granted" because "Plaintiff's Complaint fails to allege facts supporting his claim that Central Source violated the FCRA and, therefore, Plaintiff's Complaint fails to state a claim against Central Source that is plausible on its face." (ECF No. 6-1 at 4). Defendant argues that Plaintiff's allegations in his Complaint against Central Source are merely "conclusory" and fails to meet the pleading standards required by the Federal Rules of Civil Procedure as articulated by the United States Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) and <u>Bell Air v. Twombly</u>, 550 U.S. 544 (2007).

Second, Defendant Central Source argues that "Plaintiff's claim must be dismissed because Central Source is not subject to the requirements of 15 U.S.C. §§ 1681g and 1681j." (ECF No. 6-1 at 5). Defendant Central Source argues that these code sections do not apply to Central Source because Central Source is "not a consumer reporting agency as defined by the statute, and Plaintiff does not allege that Central Source is a consumer reporting agency." (ECF No. 6-1 at 6) Therefore, Central Source argues that Plaintiff "has failed to state a claim for a violation of the FCRA premised upon a violation of 15 U.S.C. § 1681g or § 1681j upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and this claim must be dismissed with prejudice." (ECF No. 6-1 at 7).

B. **Capital One's Motion to Dismiss**

Defendant Capital One filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) for failure to meet the standing requirements of an "injury in fact" under Article III of the United States Constitution. (ECF No. 12 at 6-10). First, Defendant

Capital One argues that Plaintiff has failed to state a claim for violation of the FCRA under any alleged facts. (ECF No. 11 at 6). Defendant Capital One argues that its "alleged conduct" is "completely permitted by the FCRA" as a statutorily-enumerated "permissible purpose." Id. Defendant Capital One states that the FCRA "allows a financial institution to access a consumer's credit report 'in connection with any credit or insurance transaction' where 'the transaction consists of a firm offer of credit or insurance'" citing 15 U.S.C. 1681b(c)(1(B)(i). (ECF No 11 at 6-7).

Defendant Capital One avers that this is a "prescreening process" which is a "permissible purpose" under the FCRA and further held by the United States Supreme Court as permitted under the FCRA. (ECF No. 11 at 7). As such, Defendant Capital One argues it "was authorized to make the inquiries noted on Plaintiff's credit report that Plaintiff has taken issue with." (ECF No. 11 at 8). Further, Defendant Capital One states that Plaintiff was presented with the opportunity to opt out of this prescreening process and Plaintiff failed to do so. Id. Accordingly, Defendant Capital One argues that Plaintiff has claims against Capital One do not demonstrate any violation of the FCRA. Id.

Next, Defendant Capital One argues that Plaintiff has failed to "state a claim for violation of the FCRA because he has not sustained any damages." Id. Defendant Capital One states that Plaintiff "attempts to allege a mere statutory violation of the FCRA and cites Spokeo, Inc. v. Robbins, 136 S. Ct. 1540 (2016) in which the United States Supreme Court held that a Plaintiff lacked standing for failing to satisfy the injury-in-fact requirement where a "bare procedural violation, divorced from any concrete harm" was alleged. (ECF No. 11 at 8-9). Defendant Capital One argues that Plaintiff's Complaint "fails to show any concrete or particularized harm that Plaintiff has suffered as a result of Capital One's alleged conduct." Id. at 9. Therefore,

6

Defendant Capital One argues that Plaintiff's claims against it must be dismissed for lack of standing as Plaintiff has failed to "satisfy Article III's requirement of an 'injury-in-fact.'" Id. at 10.

### C. Plaintiff's Response

In his Response (ECF No. 42) to the Defendants' Motions to Dismiss, Plaintiff first argues that the Defendants' Motions should be denied because they "were required to appear and serve an answer within 20 days of service of summons and Complaint" and has failed to do so. (ECF No. 42 at 3). Plaintiff further argues that because Defendants had failed "to appear and respond to plaintiff's complaint" they "are not official parties to this matter yet." Id. Plaintiff states that Defendants' "failure to provide this plaintiff with an answer to the civil complaint denies the plaintiff an opportunity to develop specific arguments, the opportunity to file a 'motion to amend' the civil complaint" and "the opportunity to conduct discovery for information." Id.

Plaintiff further argues that the Defendants' Motions to dismiss "are premature" and this "Court does not have 'personal Jurisdiction' over the defendants Central Source and Capitol One due to their failure to serve and answer this plaintiff's civil complaint." Id. Plaintiff similarly argues that this Court "does not have 'subject matter Jurisdiction' over the claims" due to Defendants' "failure to serve and answer" the Complaint. Id. Plaintiff contends that he had filed "a motion to remand . . . to have these matters brought back to Preston County Circuit Court, where service of the summons and complaint are the responsibility of the Court Clerk." Id. Finally, Plaintiff argues that he has "a claim that is facially plausible, with enough factual content that allows the court to draw reasonable inference that both defendants is liable for misconduct alleged" [sic] in the Complaint. Id. at 4-5.

### D. Central Source, LLC's Reply to Plaintiff's Response

In their Reply to Plaintiffs' Response (ECF No. 43), Defendant Central Source states that it "is not required to file an answer to Plaintiff's Complaint" because a "party may file either an answer or motion asserting defenses to a plaintiff's claim for relief" under the Federal Rules of Civil Procedure. (ECF No. 43 at 2). Defendant further argues that "Plaintiff's motion to remand has no bearing on this Court's consideration of Central Source's motion to dismiss" and the Defendants' Motions to Dismiss are "properly before this Court." Id. at 3. Finally, Defendant Central Source reiterates its argument that Plaintiff has "failed to state a claim against Central Source upon which relief can be granted and the Plaintiff's Complaint should be dismissed." Id.

### E. Capital One's Reply to Plaintiff's Response

Similarly, in Defendant Capital One's Reply to Plaintiff's Response (ECF No. 44), Defendant Capital One argues that Plaintiff's "Opposition to Motions to Dismiss does not respond in any way to Capital One's substantive legal arguments" and Defendant Capital One reiterates its arguments that Plaintiff has failed to state a claim because Capital One's "prescreening" is a "permissible purpose" under the FCRA and U.S. Supreme Court holdings. (ECF No. 44 at 4). Defendant Capital One further reiterates its argument that Plaintiff has failed to establish standing under Article III of the United States Constitution because Plaintiff has not suffered or alleged any concrete or particularized harm sufficient to show an "injury-in-fact." Id. at 4-5.

Next, Defendant Capital One argues that "Plaintiff's Complaint states a federal claim under the FCRA, giving this Court Jurisdiction over the matter and rendering removal of this case proper." Id. at 6. Finally, Defendant Capital One argues that it was not "required to file an answer to the Complaint prior to removing to federal court" because the Federal Rules of Civil

Procedure "expressly permit a defendant to file an Answer after a case has been removed to federal court. Id. at 8.

### III.     APPLICABLE LAW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E. I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002).

Detailed factual allegations are not required. Twombly, 550 U.S. at 555. However, the factual allegations must "be enough to raise a right to relief above the speculative level" (Id. at 555) – to be "plausible on its face," rather than merely "conceivable." Id. at 548. A "sheer possibility that a defendant has acted unlawfully" is not enough. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct 1937, 1949, 173 L.Ed.2d 868 (2009). Rather, the plausibility standard is met when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. As stated by the Southern District of West Virginia in Mid-Vol Coal Sales, Inc. v. Balli Steel PLC, No. 1:11-0985; 2:14-06264, 2014 U.S. Dist. LEXIS 194992, at *4-6 (S.D. W. Va. August 26, 2014), according to Iqbal and the interpretation given it by out appeals court,

> [L]egal conclusions, elements of a cause of action, and bare assertions devoid of further enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes. See Iqbal, 556 U.S. 662, 129 S.Ct. at 1949 (2009). We also decline to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009); see also Iqbal, 556 U.S. 662, 129 S.Ct. at 1951-52.

> Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). Facial plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. In other words, the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "across the line from conceivable to plausible." Id. at 1974 (quoting Twombly, 550 U.S. at 570).

Mid-Vol Coal Sales, Inc. v. Balli Steel PLC, No. 1:11-0985; 2:14-06264, 2014 U.S. Dist. LEXIS 194992, at *4-6 (S.D.W. Va. August 26, 2014) (quoting Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1999)). The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Additionally, courts must "liberally construe" complaints filed *pro se*. Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009). However, a court is not required to accept a party's legal conclusions. Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). Although a *pro se* complaint should be evaluated liberally, this allowance does not excuse a *pro se* litigant from the

10

requirement to state a "plausible" claim, as required by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). *See* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). The standard of review for a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is *de novo*. Duckworth v. State Admin. Bd. of Election Laws, 332 F.3d 769, 772 (4th Cir. 2003).

When deciding a Rule 12(b)(6) motion to dismiss, the district court is limited to the allegations set forth in the complaint. See Kennedy v. Chase Manhattan Bank, 369 F.3d 833, 839 (5th Cir. 2004); *cf.* Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)(explaining that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss"); see also Agnew v. NCAA, 683 F.3d 328, 348 (7th Cir. 2012) (It is improper to amend a complaint via a response to a motion to dismiss).

## IV. ANALYSIS

**A. Defendant Central Source, LLC's Motion to Dismiss should be granted because Plaintiff has failed to state a claim upon which relief can be granted.**

**1. Plaintiff's Complaint is conclusory and devoid of factual allegations sufficient to survive a motion to dismiss.**

Regarding Defendant Central Source, LLC, Plaintiff's Complaint states that "Central Source, LLC, is a foreign corporation engaging in trade of commerce in the State of West Virginia" and "was created jointly, and is jointly owned by defendants Experian, Equifax, and Trans Union." (ECF No. 8 at 8, ¶ 7). Plaintiff states that under the "FACT ACT, Central Source is responsible for receiving mailed consumer request for free annual credit file disclosure (commonly known as a "Credit report"). When Central Source receives a consumer credit report request, it forwards the request to the appropriate credit-reporting agency for fulfillment." Id. at ¶ 8.

Plaintiff states in his recitation of the facts giving rise to his claims, that on or about "March of 2018 plaintiff forwarded to central source a properly completed 'Annual Credit Report Form'". Id. at 10, ¶ 17. Plaintiff later alleges in Count Three of his Complaint that "Defendants Central Source, Equifax and Trans Union, willfully and negligently failed to comply with requirements of FCRA but not limited to: (a.) Failing to comply with the requirements of 15 USC § 1681g; and (b.) Failing to comply with the requirements of 15 USC § 1681j." Id. at 20, ¶¶ 75, 76. Plaintiff states that as a "result of Defendants such as Equifax, Trans Union and Central Source deceptive and false advertising acts or practices in the conduct of trade or commerce with full knowledge of the falsity of the representation . . . plaintiff has suffered and continues to suffer, actual damages." Id. at 20-21, ¶ 77. Plaintiff alleges his damages include economic loss, loss of opportunity to receive credit, damage to his reputation, "invasion of privacy, interference with his normal and usual activities, emotional distress, anger, frustration, anxiety, humiliation, fear, and worry related health problems, for which plaintiff seeks damages." Id. at 21, ¶ 77.

Plaintiff makes no further allegations with regard to Defendant Central Source, LLC. Even when construed liberally and in the light most favorable to the *pro* se Plaintiff, Plaintiff's allegations against Defendant Central Source, LLC, clearly fall well short of the pleading requirements under Twombly and Iqbal necessary to survive a motion to dismiss. Here, Plaintiff's allegations are bare bones and wholly conclusory. Plaintiff fails to allege any facts supporting a violation of the FCRA by Defendant Central Source, LLC, or how Defendant Central Source has committed such violation. Plaintiff's allegations against Defendant Central Source, LLC, do not contain sufficient factual matter to state a claim to relief that is plausible on its face nor do Plaintiff's allegations sufficiently state the basis for his claims so as to provide

Defendant Central Source, LLC with fair notice of the grounds upon which Plaintiff's claims rest. Plaintiff's allegations do not state any element or how such element is met by Defendant Central Source's actions or inactions to support a claim under 15 U.S.C. §§ 1681g and 1681j.

This includes a failure of Plaintiff to allege facts sufficient to establish that Defendant Central Source is a "credit reporting agency" and subject to the requirements imposed by 15 U.S.C. §§ 1681g and 1681j. Moreover, Plaintiff's allegation that Defendant Central Source, LLC, violated 15 U.S.C. §§ 1681g and 16981j is a legal conclusion, wholly lacking in factual support. Accordingly, the undersigned **RECOMMENDS** Defendant Central Source, LLC's Motion to Dismiss (ECF No. 6) be **GRANTED** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**B. Defendant Capital One's Motion to Dismiss should be granted because Plaintiff has failed to adequately allege an injury-in-fact sufficient to be concrete and particularized for purposes of standing under Article III of the United States Constitution.**

Under Article III, Section 2 of the United States Constitution, "[t]he judicial Power of the United States" extends only to "Cases" and "Controversies. Art. III, § 2. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016). The doctrine of standing was developed through case law "to ensure that federal courts do not exceed their authority as it has been traditionally understood." Spokeo, 136 S.Ct. at 1547 (2016) (citing Raines v. Byrd, 521 U.S. 811, at 820 (1997). United States Supreme Court cases have established that the "irreducible constitutional minimum" of standing consists of the following three elements: (1) the plaintiff must have "suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, 136 S.Ct. at 1547 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, at 560-561.

In order to sufficiently establish an injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 1548 (citing Lujan, 504 U.S. at 560) (internal quotation marks omitted)). In discussing the element of concreteness to establish standing under Article III, the Court in Spokeo stated with regard to violations alleged under the Fair Credit Reporting Act ("FCRA"), that the demands of Article III cannot be satisfied "by alleging a bare procedural violation. A violation of one of the FCRA's procedural requirements may result in no harm." Spokeo, 136 S.Ct. at 1550 (2016). The Court further stated that a "bare procedural violation, divorced from any concrete harm" is not sufficient to establish standing. Id. at 1549. See Dreher v. Experian Info. Sols., Inc., 856 F.3d 337, at 344 (4th Cir. 2017).

Here, Plaintiff alleges that Defendant Capital One "did not have a permissible purpose to make an inquiry about information in this plaintiff's credit file, and this plaintiff did not authorize release of this information." (ECF No. 8 at 19, ¶ 60). Plaintiff states that, as a result, he has suffered "actual damages, invasion of privacy, damage to reputation, interference with his normal and usual activities, emotional distress, anger, fear, frustration, anxiety, worry and related health problems." (ECF No. 8 at 21-22, ¶¶ 80, 83). Defendant Capital One contends that the inquiries it made into Plaintiff's credit file were "soft inquiries" that do not impact Plaintiff's credit scores, and are done as part of a "prescreening process" wherein a prospective creditor obtains information about an individual's credit in order to prescreen the individual for creditworthiness and extend firm offers of credit to those who meet the criteria. (ECF No. 12 at 7). Indeed, such prescreening procedures have been held to be permissible by the United States Supreme Court. See Trans Union LLC v. FTC, 536 U.S. 915, 917 (2002).

In any event, Plaintiff has not sufficiently alleged any concrete or particularized harm caused by Defendant Capital One's inquiries into his credit file to establish an injury in fact for purposes of standing under Article III. Plaintiff's assertions are legal conclusions, devoid of any factual enhancement, suggesting mere procedural violations divorced from any concrete harm. Plaintiff has not alleged that his credit is negatively impacted by Capital One's inquiries or alleged any facts to suggest these inquiries have negatively impacted his credit in a concrete and particularized manner by leading to the denial of a right or benefit Plaintiff has sought. Accordingly, the undersigned **RECOMMENDS** the District Judge find Plaintiff has not met the injury in fact requirement to establish standing under Article III and Defendant Capital One's Motion to Dismiss (ECF No. 11) be **GRANTED** and Capital One be **DISMISSED** from this action.

## V.     RECOMMENDATION

Accordingly, for the reasons set forth herein, the undersigned **RECOMMENDS** that Defendants' Central Source, LLC, and Capital One's Motions to Dismiss (ECF Nos. 6 and 11) be **GRANTED** and these Defendants be **DISMISSED** from this action.

Any party shall, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted on September 25, 2019.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE