IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| **JOSHUA J. MINIX,** <br><br> **Plaintiff,** <br><br> v. <br><br> **EXPERIAN INFORMATION SOLUTIONS, INCORPORATED; CHILD SUPPORT COLLECTION UNIT; U.S. DEPARTMENT OF EDUCATION,** <br><br> **Defendants.** | **Civil Action No.: 1:19-CV-108** <br> **(JUDGE KEELEY)** |

## REPORT AND RECOMMENDATION RECOMMENDING DEFENDANT UNITED STATES DEPARTMENT OF EDUCATION'S MOTION TO DISMISS BE GRANTED

This matter is before the undersigned pursuant to a referral order (ECF No. 16) entered by Honorable Senior United States District Judge Irene M. Keeley on May 23, 2019. For the reasons set forth herein, the undersigned **RECOMMENDS** that Defendant United States Department of Education's Motion to Dismiss (ECF No. 78) be **GRANTED** and this Defendant be **DISMISSED** from this action.

### I. GENERAL BACKGROUND AND PROCEDURAL HISTORY[1]

This action was initiated by *pro se* Plaintiff, Joshua J. Minix, by filing a Complaint ("Pl's Complaint") in the Circuit Court of Preston County, West Virginia on or about April 9, 2019, against Defendants Central Source, LLC, Experian Information Solutions, Inc., Equifax Information Services, LLC, Trans Union, LLC, Biltmore Asset Management, Capital One, Progressive Casualty Insurance Company, Child Support Collection Unit, and the U.S. Department of Education. (ECF

---

[1] Section I relates primarily to the background and procedural history regarding Defendants named initially in Plaintiff's Complaint but have since been dismissed through rulings on motions or agreed orders and stipulations of dismissal. Section II herein will detail the background and procedural history as it relates to Defendant Department of Education and their Motion to Dismiss (ECF No. 78) that is the subject of this Report and Recommendation.

1

No. 8 at 4-7). At the time Plaintiff filed his Complaint, Plaintiff was an inmate residing at FCI Hazelton, located in Bruceton Mills, W.V. (ECF No. 8 at 3)[2].

Plaintiff seeks a permanent injunction and monetary compensation for alleged violations under the West Virginia Consumer Credit and Protection Act (W. Va. Code §§ 46A-1-101 *et seq.*), West Virginia Uniform Declaratory Judgments Act (W. Va. Code §§ 55-13-1 *et seq.*), West Virginia Common Law, Fair Credit Reporting Act (15 U.S.C. §§ 1681 *et seq.*), Fair Debt Collection Practices (15 U.S.C. §§ 1692 *et seq.*), Civil Rights Act (42 U.S.C. §§ 1981 *et seq.*), and Title 42 U.S.C. §§ 666 *et seq.* (ECF No. 8 at 7). Plaintiff alleges that these violations include reporting false, inaccurate, and outdated information to credit-reporting agencies; failing to disclose consumer's complete credit file; failing to place a security freeze on Plaintiff's credit report as requested; accessing Plaintiff's consumer report without a permissive purpose; and failing to remove inaccurate or erroneous inquiries from Plaintiff's credit report. (ECF No. 8 at 10-18). While proceedings were before the Circuit Court of Preston County, Defendants Equifax and Biltmore filed answers denying Plaintiff's allegations. (ECF No. 8 at 2).

On May 15, 2019, Defendant Progressive, with consent of other Defendants (ECF No. 1 at 126-133)[3], filed a Notice of Removal (ECF No. 1) After the case was removed to the Northern District of West Virginia, Defendants Progressive (ECF No. 5), Experian (ECF No. 9), Trans Union (ECF No. 10), and Child Support Collection Unit (ECF No. 15) filed answers to Plaintiff's Complaint.

Following removal, Defendants Central Source, LLC (ECF No. 6) and Capital One (ECF No. 11) filed Motions to Dismiss on May 22, 2019. While that Motion was pending, Defendants Biltmore

---

[2] Plaintiff filed a Notice of Change of Address (ECF No. 47) on July 29, 2019, indicating he is no longer incarcerated and is now residing in Vermont.
[3] The U.S. Department of Education also joined and consented to the removal of this action. However, the Department noted that it had not been properly served as of the time of filing their consent to removal. (ECF No. 8-3 at 65). It appears from the docket that the U.S. Department of Education has not been served according to the Federal Rules of Civil Procedure.

Asset Management, LLC (ECF No. 39) and Defendant Progressive Casualty Insurance Company (ECF No. 57) entered agreed orders of dismissal and were dismissed from this action by the Court. The undersigned issued a Report and Recommendation recommending Defendants' Motion to Dismiss (ECF No. 6) be granted on September 25, 2019 (ECF No. 56). On November 19, 2019, Honorable Senior United States District Judge Irene M. Keeley entered an Order (ECF No. 75) Adopting the undersigned's Report and Recommendation (ECF No. 56) and dismissing Defendants Central Source, LLC and Capital One with prejudice.

On October 2, 2019, Defendant TransUnion, LLC, filed a stipulation of dismissal. The Court entered an Order (ECF No. 61) of Dismissal as to Defendant TransUnion, LLC on October 3, 2019. Further, on January 6, 2020, Defendant Equifax Information Services, LLC entered a Stipulation of Dismissal (ECF No. 83). On January 7, 2020, the Court entered an Order of Dismissal (ECF No. 84) dismissing Defendant Equifax Information Services, LLC from this action with prejudice. Accordingly, the remaining Defendants in this action are the United States Department of Education, Child Support Collection Unit, and Experian Information Solutions, Incorporated.

## II.     BACKGROUND AND PROCEDURAL HISTORY IN REGARD TO DEFENDANT UNITED STATES DEPARTMENT OF EDUCATION'S MOTION TO DISMISS (ECF No. 78)

On September 25, 2019, the undersigned issued an Order to Show Cause directing Plaintiff to provide verification of service, or show good cause for his failure (ECF No. 55) to serve Defendant Department of Education properly pursuant to Federal Rules of Civil Procedure 4(i)(1)(A)(i-ii) and (B) as well as Federal Rule of Civil Procedure 4(i)(2) providing for the proper procedure for service of process on the United States Government and its Agencies. The undersigned provided Plaintiff with the text of these rules therein. (ECF No. 55 at 2).

Plaintiff responded (ECF No. 67) to the undersigned's Order to Show Cause on October 9, 2019. In his response, Defendant stated that he was released from prison on July 19, 2019. Upon his

release, Plaintiff stated he returned to the state of Vermont and faced both homelessness and unemployment. (ECF No. 67). In light of Plaintiff's circumstances, the undersigned entered an Order Finding Good Cause and Directing Plaintiff to Effect Service (ECF No. 72) on October 22, 2019. In the order, the undersigned again provided the text of Federal Rules of Civil Procedure 4(i)(1)(A)(i-ii) and (B) as well as Federal Rule of Civil Procedure 4(i)(2) providing for the proper procedure for service of process on the United States Government and its Agencies (ECF No. 72 at 2).

On December 5, 2019, Defendant United States Department of Education filed a Notice (ECF No. 77) of special, limited appearance of counsel for the exclusive purpose of alerting this Court that Plaintiff has failed to properly serve the United States Department of Education within the extended time period allocated by this court along with a Motion to Dismiss (ECF No. 78) for lack of proper service pursuant to Federal Rule of Civil Procedure 12(b)(5).

On December 6, 2019, the undersigned issued a Roseboro Notice (ECF No. 79) to Plaintiff notifying him of his right to respond to Defendant's Motion to Dismiss (ECF No. 78). The Court received a return receipt on December 16, 2019, indicating service of the Court's Roseboro Notice was accepted by Plaintiff. (ECF No. 80). As of the date of this Report and Recommendation, Plaintiff has not filed any response. Accordingly, this matter is now ripe for Report and Recommendation to the District Judge.

### III.    CONTENTIONS OF THE PARTIES

**A. Defendant United States Department of Education's Motion to Dismiss**

In Defendant's Motion to Dismiss (ECF No. 78), Defendant United States Department of Education avers that Plaintiff, to date, has "failed to properly serve the United States Department of Education and the United States of America itself as required by Federal Rule of Civil Procedure 4(i)(2)." (ECF No. 78 at 4). The Defendant states that, despite the direction of the Court, Plaintiff has not "submitted any verification that he served this lawsuit upon the United States Department of

Education, the United States Attorney for the Northern District of West Virginia, or the United States Attorney General" as required by Federal Rule of Civil Procedure 4 for proper service of a federal government agency. Id. According to email attachments from both the Department of Education (ECF No. 78-1) and the United States Attorney General (ECF No. 78-2) in Washington, D.C., attached to Defendant's Motion to Dismiss, the Department of Education and the Attorney General have never been served by Plaintiff. Id. Further, Defendant states that Plaintiff "delivered a copy of his complaint to the United States Attorney for the Northern District of West Virginia by regular mail, which does not qualify as proper service" under Federal Rule of Civil Procedure 4(i)(1). Id. Accordingly, the Defendant requests this Court dismiss Plaintiff Complaint against them for lack of proper service pursuant to Federal Rule of Civil Procedure 12(b)(5). Id. at 1.

## IV.   APPLICABLE LAW

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5)

The Federal Rules of Civil Procedure require Plaintiffs to serve Defendants with a summons and a copy of the complaint pursuant to Fed. R. Civ. P. 4. If a Defendant believes a Plaintiff failed to follow the mandates of Fed. R. Civ. P. 4, the Federal Rules allow such a Defendant to contest the service made upon it through a Motion under Fed. R. Civ. P. 12(b)(5). Service of process is "fundamental to any procedural imposition on a named defendant." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); see Fed. R. Civ. P. 12(b)(5). Absent a waiver of service of process or consent, a Plaintiff's failure to effect proper service deprives the court of personal jurisdiction over a Defendant. See Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998); FDIC v. Schaffer, 731 F.2d 1134, 1135-36 (4th Cir. 1984). The Plaintiff bears the burden of showing that he has effected service of process properly and that the court has personal jurisdiction over all defendants. See Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam) (unpublished).

## B. Service of Process under Federal Rule of Civil Procedure 4

Under Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint" and "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). If "a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action within prejudice against that defendant or order that service be made within a specified time" unless the plaintiff shows good cause for failure to effect timely service of process. Fed. R. Civ. P. 4(m); *see* Martinez v. United States, 578 F. App'x 192, 193-94 (4th Cir. 2014) (per curiam) (unpublished).

While *pro se* filings must be construed liberally by the Court, *pro se* litigants are not exempt from the Federal Rules of Civil Procedure. *See* e.g. McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Hansan v. Fairfax Cty. Sch. Bd., 405 F. App'x 793, 794 (4th Cir. 2010) (per curiam) (unpublished).

Here, the Defendant requesting dismissal for lack of proper service is the United States Department of Education. Federal Rules of Civil Procedure 4(i)(1)(A)(i-ii) and (B) as well as Federal Rule of Civil Procedure 4(i)(2) provide for the proper procedure for service of process on the United States Government and its Agencies.

Federal Rules of Civil Procedure 4(i)(1)(A)(i-ii) and (B) and Federal Rule of Civil Procedure 4(i)(2) provide as follows:

**(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**

> **(1) United States.** To serve the United States, a party must:
>
>> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or

6

>>**(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States Attorney's Office.
>
>**(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
>**(2) Agency; Corporation; Officer of Employee Sued in an Official Capacity.** To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

## V. ANALYSIS

**A. The undersigned recommends Defendant United States Department of Education's Motion to Dismiss (ECF No. 78) be GRANTED because Plaintiff has failed to serve the Defendant.**

Here, the Plaintiff failed to serve Defendant United States Department of Education pursuant to Federal Rules of Civil Procedure 4(i)(1)(A)(i-ii) and (B) and Federal Rule of Civil Procedure 4(i)(2) within the 90 days required by Federal Rule of Civil Procedure 4(m). As such, the undersigned issued an Order to Show Cause directing Plaintiff to provide verification of service, or show good cause for his failure (ECF No. 55) to serve Defendant Department of Education properly pursuant to Federal Rules of Civil Procedure 4(i)(1)(A)(i-ii) and (B) as well as Federal Rule of Civil Procedure 4(i)(2) providing for the proper procedure for service of process on the United States Government and its Agencies. The undersigned provided Plaintiff with the text of these rules therein. (ECF No. 55 at 2).

Plaintiff responded (ECF No. 67) to the undersigned's Order to Show Cause stating that he was released from prison on July 19, 2019. Upon his release, Plaintiff stated he returned to the state of Vermont and faced both homelessness and unemployment. (ECF No. 67). Accordingly, the undersigned entered an Order Finding Good Cause and Directing Plaintiff to Effect Service (ECF No. 72) again providing the text of Federal Rules of Civil Procedure 4(i)(1)(A)(i-ii) and (B) as well as Federal Rule of Civil Procedure 4(i)(2) providing for the proper procedure for service of process

on the United States Government and its Agencies (ECF No. 72 at 2). The undersigned directed Plaintiff to effect proper service within twenty-one (21) days.

As the Defendant contends in their Motion to Dismiss (ECF No. 78), to date Plaintiff has not provided verification of service as directed for the Defendant United States Department of Education. Plaintiff has never served the United States Department of Education or the United States Attorney General as required by Federal Rule of Civil Procedure 4(i)(1)(A)(i-ii) and (B) as well as Federal Rule of Civil Procedure 4(i)(2). While Plaintiff attempted to deliver a copy of the complaint to the United States Attorney for the Northern District of West Virginia by regular mail, this does not qualify as proper service under Federal Rule of Civil Procedure 4(i)(1) and is only one requirement for serving the United States Government and its Agencies under Federal Rule of Civil Procedure 4(i)(1)(A)(i-ii) and (B) as well as Federal Rule of Civil Procedure 4(i)(2).

## VI.     RECOMMENDATION

Accordingly, for the reasons set forth herein, the undersigned **RECOMMENDS** that Defendant United States Department of Education's Motion to Dismiss (ECF No. 78) be **GRANTED** and this Defendant be **DISMISSED**.

Any party shall, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of**

**appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted on February 11, 2020

                                             _____
                                             MICHAEL JOHN ALOI
                                             UNITED STATES MAGISTRATE JUDGE